# IN THE SUPREME COURT OF THE STATE OF NEVADA

REBECCA BARRINGTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68517

FILED

MAY 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of discharging a firearm where a person might be endangered. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Appellant Rebecca Barrington resided in a neighborhood located in Silver Springs, Nevada. Barrington owned livestock, which she contained within a pen near her residence. The house next to hers was occupied by David Madden, his girlfriend, the girlfriend's young son, and a Chihuahua. Barrington fired a .25 caliber pistol in the neighborhood at least once, in an attempt to frighten away Madden's dog.

Barrington claims that several errors occurred during trial to warrant reversal of her conviction, including that the State failed to present sufficient evidence to support her conviction. We conclude that this argument lacks merit. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (explaining that the standard of review when analyzing the sufficiency of the evidence "in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (internal quotations omitted). Our review of the record

demonstrates that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Further, Barrington asserts eight additional assignments of error: (1) the State failed to properly charge her with a facially valid information, which infected the entire case; (2) NRS 202.290 is unconstitutionally vague and overbroad;[1] (3) the State's failure to collect physical evidence constitutes reversible error; (4) the State committed prosecutorial misconduct by making certain comments during the trial; (5) the jury instructions improperly discussed how the word "willfully" should be applied in NRS 202.290; (6) the district court improperly seated an alternate juror; (7) the district court improperly allowed a witness to testify as an expert witness; and (8) cumulative error warrants reversal of her conviction. Upon review of the record, we conclude that all of these arguments lack merit. Accordingly, we

---

[1]According to appellant, NRS 202.290, in light of the word "might" as used in the statute, lacks specific standards of enforcement and fails to place Nevada citizens on notice as to the proscribed conduct. In response, the State contends that appellant's interpretation is absurd and that a proper reading of NRS 202.290 demonstrates that appellant has failed to fulfill her burden of making a clear showing of invalidity. We conclude that appellant's arguments are not sufficiently developed and thus lack merit. *See Sheriff v. Vlasak*, 111 Nev. 59, 61-62, 888 P.2d 441, 443 (1995) (stating that statutes are presumptively valid and the burden is on the party challenging them to demonstrate their unconstitutionality).

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Leon Aberasturi, District Judge
       Brandt H. Butko
       Karla K. Butko
       Attorney General/Carson City
       Lyon County District Attorney
       Third District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A